FILED

FEB 21 2012


CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
_____ DIVISION

Kenneth L. Haugen

Plaintiff(s),

vs.

Tea Area School District
and School Board,
Superintendant

Defendant(s).

Case No. 12-4032
(To be supplied by the Clerk)

CIVIL
COMPLAINT

## JURISDICTION

1. City of Tea, County of Lincoln

## CLAIM(S)

2. EEOC "Right To Sue" Age & Disability
3. Discrimination
4. Harassment
5. (Please See Attachment (B))

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

1. 500,000.00
2. Superintendant to Step Down

Dated this 21 day of Feb., 2012

_Kenneth Haugen_
(Signature Line)

Kenneth Haugen
(Printed Name of Plaintiff), Pro Se

P.O. Box 1647
300 Arianna Pl. #3
Address

Tea  S.D.  57064
City/State/Zip Code

605-553-5523
Telephone Number

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Kenneth L. Haugen** | x | |
| P.O. Box 164 | x | |
| 300 Arianna Pl. #3 | x | |
| Tea, SD. 57064 | x | |
| | x | |
| **PLAINTIFF** | x | |
| | x | |
| | x | **CASE NUMBER:** |
| | x | |
| **VS.** | x | |
| | x | |
| | x | _____ |
| | x | |
| | x | |
| **TEA AREA SCHOOL DISTRICT** | x | |
| P.O. Box 488 | x | **PRO SE COMPLAINT** |
| 131 N. Poplar | x | |
| Tea, SD. 5064 | x | |
| | x | |
| | x | |
| **&** | x | |
| | X | |
| | x | |
| | X | |
| **Jerry Schutz**      Superintendent | x | |
| 810 Fox Ct.           605-213-0291 | x | |
| Tea, SD. 57064 | x | |
| | x | |
| | x | |
| **Wendy Moorhead**   Administrative Assistant | x | |
| 120 W. st. | x | |
| Tea, S.D. | x | |
| | x | |
| | x | |
| **BOARD MEMBERS OF DISTRICT** | x | |
| | X | |
| **Lynn DeYoung**      President | x | |
| 408 W. 4th St.        605-498-1130 | x | |
| Tea, SD. 57064 | x | |
| | x | |
| | x | |

| | | |
|---|---|---|
| **Duane Gores** | **Vice President** | x |
| 46753 N. Elsie Ave. | 605-368-9058 | x |
| Tea, SD. 57064 | | x |
| | | x |
| **Kristy Baker** | **Board Member** | x |
| 205 N. Elsie Ave. | 605-213-0327 | x |
| Tea, SD. 57064 | | x |
| | | x |
| **Nikki Wilker** | **Board Member** | x |
| | | x |
| Tea, SD. 57064 | | x |
| | | x |
| | | X |
| **John Herr** | **Board Member** | x |
| 625 N. Zelmer Dr. | 605-498-5947 | x |
| Tea, SD. 57064 | | x |
| | | x |
| **DEFENDANT** | | x |

x x x x x x x x x x x x x x x x x x x x x x x x x

## CLAIMS

Plaintiff was notified of two (2) job opening at the Tea Area School District for a custodial position by the Supervisor of maintenance. Plaintiff was informed only four (4) applications had been turned in at this point so he encourages me to apply.

Plaintiff then stopped by the administration building of the School to make contact with Mr. Schutz. (Superintendant of the School). Plaintiff wanted to visit with him face to face Mr. Schutz and express my interest in the job.

Mr. Schutz informed plaintiff they were planning on hiring for (2) two positions. Plaintiff explained to Mr. Schutz how I could be an asset to the district, and that I would be interested in the job. Plaintiff then listed a few areas I could assist with:
1) **Plaintiff is Currently a Licensed Police Officer** Could assist with Resource Officer, UA's, Work with Probation, drugs, searches etc.
2) **Plaintiff was a police officer for approx. 13-years. (So I was familiar with several types of drugs and what to look for.)**
3) **Plaintiff currently have a class A Drivers License,** (Plaintiff explain could assist driver's education staff and give a few situations I've seen.
4) **Plaintiff also advise that he could fill in for Driving Bus** since I currently hold a commercial DL.)
5) **Plaintiff was self employed for 10-12 years.** (Basically for clients that didn't require 24-hour nursing supervision.)
6) **Plaintiff managed a Security Company** in MPLS.
7) **Plaintiff managed a Janitorial Company** in MPLS. (Plaintiff is fully aware of OSHA and how each chemical that a person uses must be trained prior to use, etc,
8) **Plaintiff have several years of snow plowing experience.**

Gave resume to Mr. Schutz

### IN THE RESUME IT CONTAINED;

- **A=** Front Page Objective. (1-page)
- **B=** A Law Enforcement Training Employee Profile. (3-Pages on training in L.E.)
- **C=** Law Enforcement Certificate. (1-Page)
- **D=** Board of Pardons from the State of Minnesota. (1-Page. I had a Gross Misc, Pardoned for)
- **E=** One Reference letter from **Fire Chief Grant VanRiesen**. (1-Page)
- **F=** One Reference Letter from **State Representative Manny Steele.** (1-Page)
- **G=** One Reference Letter from **Superintendent Jerry Schutz** himself, recommending me for Any job opening. (1-Page)

Mr. Schutz said he thought Plaintiff would be a good candidate for the job. **Mr. Schutz looked over the resume as we talked. (First resume)** We briefly talked about the position he had open. We even talked about my pardon. Mr. Schutz told me he would put my resume in his desk drawer so nobody would be able to see it. (Not sure what that meant.)

Plaintiff explained to Mr. Schutz that I am still in Therapy and working with the Doctors from my accident, so may be somewhat limited at the heavy items I can lift. At least until I reach my maximum rehabilitation from the accident I was involved in. So if there are any weight requirements I may be a temporarily limited. Mr. Schutz didn't think that would be a problem.

Mr. Schutz said he felt I would be more than qualified to fill the position. Mr. Schutz then asked your Plaintiff to fill out a Tea High School application to go along with the resume. And until the Tea School application had been filled out. Mr. Schutz informed Plaintiff could obtain an application on line. Then return it and he would attach my resume with the application.

**Plaintiff left with the feeling I would be hired for the job**. (But Mr. Schutz seemed very nervous for some reason.)

Plaintiff then filled out the school application along with an additional resume. Plaintiff's wife whom works at the School also, dropped the **second application and resume off** at the administration building. (Given to Wendy Moorhead)

Rob Bunkofski (Supervisor of Maintenance) questioned (My wife) Kelly if I was going to apply for the job. Kelly (Wife) advised Mr. Bunkofski that plaintiff actually **turned two (2) resumes and one (1) application in**. Mr. Bunkofski said he had been told by Mr. Schutz that he had called all of the candidates and only one responded for an interview. Mr. Bunkofski stated never seen Plaintiff's application amongst them. So they only have one of the four applications set up for interviews; per Mr. Schutz, Stated Supervisor Rob Bunkofski.

Kelly then made contact with me (plaintiff) and questioned if Mr. Schutz had called or attempted to make contact with me. I advised that he had not. (I had no missed calls)

Plaintiff then made contact with **(President of the School board), Lynn DeYoung** and explained that I had filled out **two (2)** resumes and **one (1)** application. They seemed to keep getting lost. I explained to Mr. DeYoung that I only wanted a fair shake at the job; I do have a family to feed also. If you have a better candidate I understand. But I was never called as Mr. Schultz had told Mr. Bunkofski all applications had been contacted.

Mr. DeYoung said the supervisor generally bring the leading candidates to the board, the board then looks over the applications and makes a decision. Mr. DeYoung said they have not yet seen any applications. Mr. DeYoung advised Plaintiff to fill out another application and resume and hand **it directly to the Maintenance Supervisor.** Besides it will show more incentive anyway explained Mr. DeYoung. I agreed that I would do that.

The night of School registration, 08/09/2012. Your plaintiff brought the **third (3) application & resume directly to Mr. Bunkofski**. Mr. Bunkofski said this was the first application he had seen from me. Mr. **Bunkofski told me that I was definitely the most qualified applicant he has seen at this point. And as far as he was concerned he would be turning mine into the board.** I explained if he needed me for anything else to give me a call, especially since this is the 3rd application turned in. I also explained that I would be happy to talk to the board if need be. Mr. Bunkofski said that wouldn't be necessary. Mr. Bunkofski felt they wouldn't have any issues, and I get one of the two positions. If I wanted since I was definitely the most qualified.

**Plaintiff left again feeling I had one of the two positions.**

Mr. Schutz told Mr. Bunkofski that Schutz had called all of the applicants and only one had returned his call for an interview. So Mr. Bunkofski made contact with Plaintiff and questioned if I had received a phone call? I said that I had not, nor do I have any missed calls.

Plaintiff made numerous phone calls and attempt to reach Mr. Schutz. (In the past he has always answered my call on the first ring when I was Chief of Police.)
Once Mr. Schultz finally answered, he said I suppose we should meet up. Then hesitantly and said: "Why don't you come to my officer," then stopped abruptly, "no, not at my office," Stated Mr. Schutz.
Plaintiff asked if he wanted to go for a cup of coffee. (As we have done in the past,) Again abruptly said; "No." Mr. Schutz then hesitated and said; "Why don't we meet me at the football field, I have something to check on."
Plaintiff asked when and he wanted to meet. Mr. Schutz said, I should meet him in "5 minutes". Plaintiff then agreed but though it was awful spontaneous and suspicious. Unless he wanted to put me to work right away, or something unusual as that.

While I was in route Plaintiff knew that this was out of the ordinary, so I turned my camera/recorder on in my vehicle before entering the parking lot. **(SEE ATTACHED TRANSCRIPT and VIDEO)** As your plaintiff pulled into the lot. I observed Mr. Schutz just getting out of his vehicle, he then looked up, seen me, then got back into his vehicle and started it up again. (That seemed strange also.)

### Plaintiff' Claims that the school and Superintendant were in violation of;

1. **22-19A-1  Stalking as a misdemeanor.  (My Wife At School.)**
2. **20-13-26  Discrimination**
3. **22-11-32  Harassment**

I did file a complaint with EEOC because of the way I was treated. I was going to leave it at that point but when Mr. Schutz started to harass my wife at school.

2.  **22-19A-4**          **Simple Assault**       **01/30/12**
    **22-19A-1 (1, 4)**     **Stalking**
    *(Willfully, Maliciously and repeatedly Harass another person: Credible threat to another person with the intent **to place that person in fear.  Which seriously alarms, annoys, or harasses the person which serves no legitimate purpose.**)*
    **A =**   Mr. Schutz talked to my wife's supervisor (Allen Laboranti – High School Principle.) He in turn was told to call Kelly into the office and tell her she can not violate school policy and campaign during school hours. (So my wife was called into the office and scolded)

3.  **22-19-A-4**          **Simple Assault   01/31/12**   **1) Inherent Right**
    **22-19A-1 (1, 4)**     **Stalking**                   **2) Due Process Right to Work.**
    **22-18-1**             **another in fear**
    **22-11-32**            **Harass**
    **B=**   (Pattern of Conduct)

Next day Mr. Schutz went to my <u>wife's supervisor again</u> (Allen Laboranti – High School Principle.) Mr. Schutz pulled out policy and procedure, and <u>then highlighted on campaigning during school hours. My wife was talked to again and by Mr. Laboranti, given the policy this time with highlighted policy, Per Mr. Schutz. Mrs. Haugen said I am aware that this isn't coming from you, and your just doing what Mr. Schutz told you to. Mrs. Haugen also said she new better and she isn't doing any of these things Mr. Schutz is claiming.</u>) (Especially with the second visit Mrs. Haugen was **VERY FEARFULL for loosing her job.**)

**(BECAUSE I WAS RUNNING FOR COUNCIL, NOT MRS. HAUGEN)**

1. **20-13-12 Unfair or discriminatory practices.** Discipline a member, unlawful, or unequal treatment ton any person
2. **SDCL 20-13-10 <u>Employer's unfair or discriminatory practices</u>.**
3. **Division of Human Rights    Harassment, Reprisal**
4. **SDCL 60-8-2**
5. **South Dakota Division of Human Rights, "Harassment"**
6. **South Dakota Division of Human Rights, "Discrimination." (<u>Disability, refuse to hire, treats persons differently</u> in the terms and conditions of employment, <u>Age discrimination</u> – UNDER FEDERAL LAW**
7. Mr. Schutz points out **SDCL. 13-43-15.1  <u>Right</u>** <u>an employee of the school district has the right to run for office. – as long as if it does not entail neglect of duty.</u> (**My Wife is an employee, and not running for office.**)


### I BELIEVE I WAS DISCRIMINATED FOR THE FOLLOWING REASONS;

a. **HARASSMENT;** (Mrs. Schutz <u>Never intended to even turn my application/resume in, never intended to even give me a shot at the job or to hire me</u>. Couldn't even give me the respect to meet at his office. (
   (Mr. Schutz appeared to be very edgy, continually pacing and would have anger spurts while talking to me. He was not normal at all for the times I have worked with him.)
b. Abnormal to meet at the football field to advise me he wouldn't hire me. (Not Policy and procedure.)
c. Mr. Schutz said my reference didn't check out; when I questioned which one Mr. Schutz stated; "If you must know then its, Me, Myself and I."
d. I advised if I haven't done something wrong I should have the right to meet my accusers. (Me, Myself and I, stated Schutz.)
e. Mr. Schutz Said it had to do with my background check. I told him that was 30 years ago and I have been pardoned for. (I never signed a waiver, for any background check. I would have if asked. (Must sign waiver per SD. And MN. Statues for jobs must be printed.) The pardon states that i don't even have to talk about that.
f. I checked all reference and Mr. Schutz never called any of them.
g. Mr. Schutz said, "This conversation is over, I'm not going to be blackmailed for a job so you can sue me. So go ahead and sue me if you must. I asked Mr. Shutz, what he was talking about; I always stuck up for you when no one else would. Then you treat me like this. What did I do? (Do you have the job on hold for someone in the office, or did you talk to Mr. Lawler and he gives me a bad review or something. (Mr. Schutz said that's it it's a Political thing. If we were on the other end of the state it would be different.

    h. Mr. Schutz said he was glad we had this conversation; you helped me make my mind. Mr. Schutz said, "I shouldn't even be talking to you about this, I'm not going to hire you anyway."

    i. Mr. Schutz was getting in his car, I then put my hand out to shake hands and Mr. Schutz was very hesitated and reluctantly, but finally did.

### Employment Discrimination

Employer to refuse to hire a person, to discharge or lay off an employee, harass or <u>to treat persons differently in the terms and conditions of employment</u> because of race, color, creed, religion, sex (includes pregnancy), ancestry, **disability** or national origin.

### PROHIBITION OF AGE DISCRIMINATION Sec. 623 Age discrimination in Employment Act of 1967.

**Civil service act of 1978 (CSRA)** –Prohibits discrimination, Overall fairness in federal personnel actions, 5 U, S, C. 2302.

### Social Equality:

### EMPLOYER'S Conduct That is Considered Unlawfully Discriminatory.

(SEE ATTACHED)

Mr. Schutz has displayed unprofessionalism, unfair treatment, discriminatory practices, gave me unequal treatment, discriminated against age and disability, then harasses my wife and interfering with her job, in effect disruption of the normal flow, harassed her, put her in fear of her job.
All for Mr. Schutz unethical, unprofessional practices that he has continued to display during his time her as a Superintendant.

Mr. Schutz has also violated my rights;
    SDCL   20-13-10
    SDCL   60-8-2

South Dakota Division of Human Rights.

### Harassment

**Employment Discrimination;,** It is unlawful to discriminate for Disability, Refuses to hire a person, treats person differently in terms and conditions of employment, limiting, classifying, or segregating you in any way that deprives you of employment opportunities or otherwise adversely affect your employment or you potential employment status; Prohibition of age discrimination Sec. 623 Age discrimination in Employment Act of 1967.
    The School is supposed to be EQUAL OPPORTUNITY EMPLOYMENT.  Civil Rights Act

ENCLOSED YOU WILL FIND THE FOLLOWING

1. CIVIL COVER SHEET
2. CIVIL COMPLAINT
3. PRO SE COMPLAINT
4. REQUEST FOR FINANCIAL RECORD NOT RELEASED
5. EEOC RIGHT TO SUE
6. CLAIMS
7. SDCL "B"
8. STAFF CONFLICT OF INTEREST.  (wife not running for anything)
9. STAFF PARTICIPATION IN POLITICAL ACTIVITIES
10. "RELEASE"  NOT SIGNED
11. KELLY HAUGEN'S STATEMENT.
12. TRANSCRIPTION OF AUDIO/VIDEO
13. DOC/INMATE INFO
14. APPLICATIONS TURNED IN AND NOTES COMBINED
15. APP/RESUME

_____ Date 02/28/2012
Kenneth L. Haugen